## Beall v. Inskip

*Walton V. Davis,* for plaintiffs.
*Robert G. Bigham,* for defendant.

KUHN, *J.,* October 23, 1987 — The sole issue remaining from defendant's preliminary objections is a demurrer to count IV concerning whether a reconditioner-vendor impliedly warrants a residence he reconditions to be habitable. Taking the allegations of the complaint as true, it appears that on December 6, 1985, defendant, a licensed real estate broker who purchases, reconditions, and re-sells real estate, purchased lot no. 160, section A, Charnita, from the Farmers Home Administration. The real estate was improved with a residence which defendant, by terms of the deed, was required to make "structurally sound and habitable" before occupancy.

On August 28, 1986, defendant sold the premises to plaintiffs. Subsequently plaintiffs discovered that water would drain into a crawl space under the dwelling and remain there, causing insulation to become wet and the flooring to become rotted and unsafe. Defendant was aware of the water problem and took some steps to alleviate it before sale to plaintiffs.

Plaintiffs claim to have incurred $5,575 to remedy the drainage problem and repair the rotted flooring.

The briefs submitted to the court contain many factual matters not appearing in the pleadings, which we will ignore.

In *Elderkin v. Gaster,* 447 Pa. 118, 288 A.2d 771 (1972), the Pennsylvania Supreme Court held that a builder-vendor impliedly warrants that the home he has built and is selling is fit for its intended purpose — habitation. The theory for the implied warranty arises from the understanding that the

buyer justifiably relies on the skill of the builder who holds himself out as having the expertise to construct an adequate dwelling, is in a better position to ascertain defects and has superior bargaining power. Therefore, the builder should bear the risk.

The implied warranty has never been adopted in Pennsylvania as applying to second and subsequent sellers of used homes. *Boozell v. Bollinger,* 30 D.&C.3d 247 (1983). Nevertheless, plaintiffs contend that defendant knew of the water problem and was in a better position to remedy the defect. Plaintiff likens the case sub judice to *Licciardi v. Pascarella,* 476 A.2d 1273 (New Jersey Super. 1983) where the New Jersey court expanded the implied warranty to a rebuilder where an existing home is so substantially reconstructed that, when placed on the market for resale, it is the functional equivalent of a new house. The pleadings in the instant case do not suggest that defendant made substantial renovations.

Therefore, we find that a purchaser of a used house who acquires the same for the purpose of reconditioning and resale but who does not so substantially reconstruct the premises so as to make it the functional equivalent of a new house does not impliedly warrant its habitability.

Accordingly, we enter the attached

## ORDER OF COURT

And now, October 23, 1987, defendant's preliminary objection in the nature of a demurrer to count IV is sustained. Plaintiff is granted 20 days in which to amend count IV, if possible. If no amendment is so filed, defendant shall file an answer 20 days later.